UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JESUS H. GARCIA, JR.,

                Petitioner,[1]

-against-

DETECTIVE MR. STEPHEN AQUAVUVA,
PCT 112 QUEENS COUNTY N.Y.P.D.
ID # OFFICER # 905706000,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 6861 (SLT)

**TOWNES, United States District Judge:**

On December 2, 2013, the Court directed that Petitioner's habeas related submissions, filed in a previous civil rights action, be opened under a new case number. See Garcia v. Aquavuva, 13-CV-4360 (SLT) (Docket No. 10). Accordingly, the instant action was opened as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with permission to proceed in forma pauperis having been granted in the previous action. Id. at (Docket No. 5). On December 17, 2013, the Court transferred the case to the United States Court of Appeals for the Second Circuit on Petitioner's behalf for permission to pursue the petition as successive. (Docket No. 3). On January 27, 2014, the Second Circuit denied the request as unnecessary and transferred the case back to this Court "for whatever further action" is appropriate because "Petitioner's appeal from his denial of his prior § 2254 petition was not final on the date that his new § 2254 petition was filed." (Docket No. 4).

---

[1] Petitioner is also known as Juan H. Garcia.

1

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although Petitioner labels his submissions "Motion of Petition of Habeas Corpus," they are far from models of clarity. Petitioner is advised that under Rule 2(c) of the Rules Governing Section 2254 cases he must provide sufficient information that permits the Court and Respondent to comprehend both the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated. Moreover, the proper Respondent in a habeas corpus action is Petitioner's present custodian.

Here, Petitioner's submissions fail to state what conviction he is challenging, where he was convicted, and what federal constitutional violations he alleges. In light of the aforementioned deficiencies, Petitioner is granted leave, should he so choose, to file an "amended petition" using the appropriate form for state prisoners.[2]

---

[2] Petitioner is reminded that there is generally a one-year limitation period in which to file a writ of habeas corpus. The Antiterrorism and Effective Death Penalty Act of 1996 provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially

2

## CONCLUSION

Petitioner is granted leave to file an amended petition within thirty (30) days of the date of service of this order. The amended petition consists of the completely filled out 28 U.S.C § 2254 form included with this order. The amended petition should be clearly titled "Amended Petition," use the same case number, and contain an original signature. It must set forth all of the claims for relief, including the facts and arguments in support of those claims.

Petitioner is advised that failure to comply with this order will result in dismissal of the action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.** /s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: February 7, 2014
Brooklyn, New York

---

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).